## Watkins v. Moore.

*Contract—Consideration—Cause of action—Amèndment.*

In an action of assumpsit plaintiffs averred in their original statement that having an option on defendant's land, they did certain work in testing it for coal; that they afterwards, with others, took a deed for the land and gave a mortgage to secure the purchase money; that subsequently defendant promised to pay them a certain sum in consideration of the loss which they had sustained in testing the land, but that this sum was not to be paid until defendant had collected the mortgage. In the amended statement it was averred that the promise was made in consideration that plaintiffs would render 'continuing' services to discover coal. This last averment was not sustained by the proofs. The uncontradicted testimony for the defendant was that another person had advanced all the money that had been expended in testing, and that such person had subsequently bought plaintiff's interest in the land, and had paid them a sum more than the amount which they claimed from defendant. *Held,* that plaintiffs had no cause of action against defendant.

Argued Feb. 21, 1900. Appeal, No. 424, Jan. T., 1899, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1896, No. 563, on verdict for plaintiffs, in case of William W. Watkins and Edward J. Williams v. Emily I. Moore. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover for money expended by plaintiffs in testing for coal on defendant's land.

The facts appear by the opinion of the Supreme Court, and by the former report of the case in 192 Pa. 211.

Defendant's points among others were as follows:

1. That under all the evidence in this suit, the verdict must be for the defendant. *Answer:* I refuse this point because I will submit the matter to you. [8]

2. If the jury believe that John H. Fellows paid the costs of all boring and prospecting done upon the property sold by William Moore to Watkins et al. and that Watkins and Williams each received $2,000 as purchase money for the interest of each in the property, the verdict of the jury must be for the defendant. *Answer:* I cannot charge you as requested in this point. The case does not depend entirely on the facts

stated in this point. They are not conclusive. You must consider these facts in connection with the other testimony. As drawn, the point is refused. [9]

Verdict and judgment for plaintiff for $4,260. Defendant appealed.

*Errors assigned* among others were (8, 9) above instructions, quoting them.

*Samuel B. Price*, for appellant.

*Edward C. Newcomb* and *Charles L. Hawley*, for appellee.

OPINION BY MR. CHIEF JUSTICE GREEN, May 23, 1900:

When this case was here before, 192 Pa. 211, we reviewed with minuteness and at considerable length the facts and circumstances which it developed and the several questions arising upon the record. Upon an examination of the testimony appearing on the present record, taken upon the second trial, we fail to discover any material difference either in the general character of the facts upon which the plaintiff's claim is founded, or in the detailed testimony upon which a right of recovery is based. We do not think that the amendment which was allowed by the court below makes any material difference in the aspect of the question which was before us on the former hearing of the cause, and on which we reversed the judgment. The original statement averred a promise to pay Watkins and Williams $3,000 when Moore should get the money for the $20,000 mortgage which he received from the four grantees to whom he had made the deed, and alleged that the promise was made in consideration of the losses they had sustained in making their expenditures in testing the lands. It was also alleged in the original statement that the promise was made in the spring of the year 1892, after the deed for the land had been made to the parties who purchased the land from Fellows. It was also fully set out in the first statement that the expenditures had been made under the original agreement made in 1889, and before the deed of 1890 was made to the four grantees among whom were Watkins, Williams and Fellows. The right of recovery was based upon the promise alleged to have been made

by Moore in the spring of 1892, to pay $3,000 to. Watkins and Williams on account of the losses which had been incurred prior to the giving of the deed of 1890, in conducting their testing operations. In the amendment the same promise to pay $3,000 for tests and explorations was averred, but without the statement that it was in consideration of the losses and expenditures made under the original agreement. It was however declared both in the original statement and in the amendment that the promise was not made until after the deed of 1892 was executed and delivered to the ultimate purchasers, and there was no averment in the amendment that there were two several, distinct and independent promises to pay the $3,000, while the amendment did aver that the promise was made in consideration that Watkins and Williams would render continuing services to discover coal, and no time was stated as to when the continuing services were to be, or were, rendered, except that it was after the deed of 1890 was made. But on the trial no evidence was given to show any different or other services, expenditures or testing operations than those for which recovery was sought on the first trial. It follows that the same considerations which affected the right of recovery on the first trial affected equally the right of recovery on the second trial. On the first trial the judgment was reversed chiefly upon the refusal of the court below to affirm the second point of the defendant, which was as follows: "If the jury believe that John H. Fellows paid the costs of all the boring and prospecting done upon the property sold by William Moore to Watkins and Williams and others, and that Watkins and Williams each received $2,000 as purchase money for the interest of each in the property, the verdict of the jury must be for the defendant." This point we held for the reasons stated in our former opinion should have been affirmed and because it was not, we reversed the judgment, sustaining also some few other assignments. On the second trial the same point was presented in the same identical words, and the court below refused to affirm it notwithstanding our decision and again denied the point. The reason given for this action was entirely inadequate and altogether erroneous. There was no testimony on the second trial which justified the court in refusing the point and it was grave error not to affirm it. We have examined the testimony given

on the second trial with much care and can discover no sufficient reason for allowing a recovery on the whole case. The reasons for this conclusion were fully set forth in our former opinion, but we allowed a new venire upon the consideration that there might be other and different testimony introduced which might justify a verdict for the plaintiff. But we are now convinced that there is no such testimony, and we therefore reverse the judgment upon both the eighth and ninth assignments of error and this disposes of the case. It is not necessary to consider the other assignments.

Judgment reversed.